IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-657-BO

| | |
|---|---|
| PHILIPS NORTH AMERICA LLC, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARTIN LITTLE )<br>Defendant. ) | ORDER |

This cause comes before the Court on defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded, defendant has replied, and the matter is ripe for ruling. For the reasons that follow, the motion is denied.

## BACKGROUND

Plaintiff instituted this action by filing a complaint on December 4, 2020. [DE 1]. Plaintiff's complaint alleges claims for breach of contract, violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, violation of the North Carolina Trade Secrets Protection Act, N.C. Gen. Stat. § 66-152, fraud, and unfair and deceptive trade practices in violation of N.C. Gen. Stat. § 75-1.1. Plaintiff seeks as relief, *inter alia*, a permanent injunction and an order requiring an accounting and return of all of its property in defendant's possession, including confidential and trade secret information, as well as a permanent injunction and order requiring an accounting and return of all of its property which defendant has disclosed to any third party, including but not limited to confidential and trade secret information.

Plaintiff develops, sells, supports, maintains, and services medical imaging systems such as X-ray machines that are used in hospitals and medical centers. Plaintiff's medical equipment

is run by proprietary software developed and owned by plaintiff which is described in internal documents and software to be used for servicing, troubleshooting, and configuring the equipment. Plaintiff considers this documentation to be confidential, trade secret information.

Defendant was employed by plaintiff as a Field Service Engineer 3. Defendant was responsible for servicing interventional X-ray and image-guided therapy systems. In order to perform his duties, defendant had access to plaintiff's internal information and service tools. On February 10, 2012, defendant executed an Employee Ethics and Intellectual Property Agreement required by plaintiff in order to protect its proprietary information. Defendant agreed not to use, publish, or disclose secret or confidential information of plaintiff's while he was employed by plaintiff or afterward. Defendant further agreed to follow plaintiff's Simply Right Handbook, which notifies employees of their confidentiality obligations. Defendant was also trained on data privacy, information security, and the importance of protecting plaintiff's trade secret and confidential information.

Plaintiff alleges that while he was employed by plaintiff defendant acted as a consultant to a competitor of plaintiff and that he failed to disclose this conflict of interest to plaintiff. Plaintiff alleges that defendant used his personal email account to disclose plaintiff's internal and proprietary documents to unauthorized third parties although he denied doing so. Defendant ultimately resigned after he was confronted by plaintiff regarding the conduct alleged in the complaint.

## DISCUSSION

Defendant has moved to dismiss each of plaintiff's claims pursuant to Rule 12(b)(6). Defendant argues that plaintiff's breach of contract claim fails due to lack of consideration, that plaintiff's allegations fail to satisfy the Defend Trade Secrets Act and Trade Secrets Protection

2

Act pleading standards, that plaintiff's fraud claim fails as defendant's alleged statements did not deceive plaintiff and there was no reasonable reliance, and that plaintiff's unfair and deceptive trade practices claim fails as it is predicated on deficient misappropriation and fraud claims.

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

The Court has considered plaintiff's complaint in light of the applicable standard and concludes that plaintiff has stated facially plausible claims for relief. The arguments made by defendant that do not go to the adequacy of the pleading are better considered at the summary judgment stage on a fully developed record. The complaint will not be dismissed.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 14] is DENIED.

SO ORDERED, this 28 day of June, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3