IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:20-CV-00657-BO

| | |
|---|---|
| PHILIPS NORTH AMERICA LLC, ) | |
| ) | **ORDER ON PLAINTIFF'S** |
| Plaintiff, ) | **UNOPPOSED MOTION TO** |
| ) | **SEAL EXHIBITS TO 56.1** |
| v. ) | **STATEMENT** |
| ) | |
| MARTIN LITTLE, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the Court on the motion of Plaintiffs Philips North America LLC to seal Exhibits 4 through 12 (DE 47-4, 47-5, 47-6, 47-7, 47-8, 47-9, 47-10, 47-11, and 47-12) to Philips' statement of undisputed material facts in support of Philips' motion for partial summary judgment. Having considered the motion and supporting brief, and the materials of record cited by Philips, the Court finds as follows:

1. Philips brings this action, in part, for misappropriation of trade secrets under federal law and North Carolina law.

2. Exhibits 4, 5, 6, 7, 8, 9, 10, 11, and 12 to Philips' statement of undisputed material facts are documents or excerpts of documents that Philips contends constitute trade secrets. (*See* DE 47-4, 47-5, 47-6, 47-7, 47-8, 47-9, 47-10, 47-11, and 47-12).

3. Philips has offered evidence that the documents contain proprietary

information, and that Philips restricts access to the documents and otherwise protects them from public disclosure. Philips has also offered evidence that it would suffer competitive harm if the documents were disclosed. Philips has provided general descriptions of the contents of the documents in public filings, sufficient for the public to understand the nature of the documents.

4. Philips has shown a compelling interest that outweighs the public's right of access under the First Amendment because the documents at issue are among the trade secrets that Philips seeks to prove in this case. The public's interest in access is sufficiently served by the general descriptions of the documents in the public court file; the public has no need to review the detailed information that Philips asserts constitutes its trade secrets. Requiring public disclosure of such information would undermine the rights Philips seeks to vindicate through this litigation.

5. There is no adequate alternative to sealing. Philips seeks to seal only the documents that it contends are its trade secrets; therefore, the request to seal is narrowly tailored, and there is no way for the Court to narrow it further while protecting the interests at stake.

The Court therefore orders that the motion to seal be GRANTED. Exhibits 4, 5, 6, 7, 8, 9, 10, 11, and 12 to Philips' statement of undisputed material facts (DE 47-4, 47-5, 47-6, 47-7, 47-8, 47-9, 47-10, 47-11, and 47-12) shall remain

under seal. The sealed documents shall be available only "Qualified Persons," as that term is used in section 3.C of the Stipulated Protective Order governing access to "Highly Confidential" information.

IT IS SO ORDERED, this the _64_ day of _January_, 2024.

_Terrence Boyle_
TERRENCE W. BOYLE
United States District Judge